UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL NOLAN, et al.,

                    Plaintiffs,

            -against-

INTERNATIONAL BUSINESS MACHINES
CORPORATION, et al.,

                    Defendants.

**OPINION & ORDER**

24-CV-04653 (PMH)

PHILIP M. HALPERN, United States District Judge:

Michael Nolan, Karla Bousquet, Jay Zeltzer, Teresa Cook (the "IBM Plaintiffs"), and Randall Blanchard ("Blanchard" and together with the IBM Plaintiffs, "Plaintiffs") commenced this action on June 18, 2024 against International Business Machines Corporation ("IBM") and Kyndryl Holdings, Inc. ("Kyndryl" and together with IBM, "Defendants"). (Doc. 1). On September 20, 2024, Plaintiffs filed an amended complaint. (Doc. 25, "Am. Compl."). The IBM Plaintiffs, in the Amended Complaint, bring six claims for relief for age discrimination, retaliation, and wrongful termination against IBM under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et. seq.* ("ADEA"); Title VII, 42 U.S.C. § 2000e-(3)(a); and analogous Virginia, Washington, D.C., Connecticut, and New York state laws. (*Id.* ¶¶ 106-133). Plaintiff Blanchard brings two claims for relief for age discrimination against Kyndryl under the ADEA and an analogous Alabama state law. (*Id.* ¶¶ 134-142).

Pending before the Court is IBM and Kyndryl's joint motion to sever the six claims for relief asserted by the IBM Plaintiffs against IBM from the two claims for relief asserted by Blanchard against Kyndryl. Defendants served their joint motion, in accordance with the briefing schedule set by the Court, on October 4, 2024. (Doc. 31; Doc. 32; Doc. 33, "Def. Br."). Plaintiffs served their opposition on October 25, 2024 (Doc. 34, "Pl. Br."), and Defendants' joint motion

was fully briefed with the filing of their reply and all motion papers on November 8, 2024 (Doc. 35, "Reply").

For the reasons set forth below, the motion to sever is GRANTED.

## BACKGROUND

The allegations herein are taken from Plaintiffs' Amended Complaint and are considered true for purposes of the extant motion.

IBM is a technology company that provides various services in the fields of computer hardware, computer software, cloud computing, data analytics and artificial intelligence. (Am. Compl. ¶ 37). Kyndryl is a wholly separate company that designs, builds, and manages information technology systems. (*Id.* ¶ 38). IBM spun-off Kyndryl as a separate company in 2021. (*Id.*).

IBM terminated the employment of each of the IBM Plaintiffs in 2023; Kyndryl terminated Blanchard's employment that same year. (*Id.* ¶¶ 55, 68, 79, 86-88, 94). Plaintiffs allege that they were victims of "an ageist scheme created and executed by IBM executives—and then brought over part and parcel to the IBM spinoff company, Kyndryl, by some of those same IBM executives." (*Id.* ¶ 1).

## STANDARD OF REVIEW

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "The moving party bears the burden of demonstrating that 'severance is required to avoid prejudice or confusion and to promote the ends of justice.'" *N. Jersey Media Grp. Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, 114 (S.D.N.Y. 2015) (collecting cases).[1] "In assessing whether severance is warranted under Rule 21, courts must accept all factual allegations in the

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

Complaint as true." *Wilson-Phillips v. Metro. Transportation Auth.*, No. 18-CV-00417, 2018 WL 5981736, at *1 n.1 (S.D.N.Y. Nov. 14, 2018); *see also Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 160 (S.D.N.Y. 2009) (applying the *Iqbal* pleading standard to an early-stage motion for severance).

Courts within this Circuit generally first "consider the requirements of [Federal Rule of Civil Procedure] 20" when evaluating a motion to sever. *Syville v. New York City of New York*, No. 20-CV-00570, 2020 WL 2508788, at *2 (S.D.N.Y. May 15, 2020); *accord Deskovic*, 673 F. Supp. 2d at 159. Rule 20 allows multiple plaintiffs and/or defendants to join in one action if (1) "they assert any right to relief jointly, severally, or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) if "any question of law or fact in common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). In addition to the requirements of Rule 20, courts consider "additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence.'" *Syville*, 2020 WL 2508788, at *2 (collecting cases).

"Severance requires," in this Circuit, "the presence of only one of the[]" factors considered by courts. *Cestone v. General Cigar Holdings, Inc.*, No. 00-CV-03686, 2002 WL 424654, at *2 (S.D.N.Y. March 18, 2002). Nevertheless, "courts have generally granted severance only after finding more than one of the [factors] was met." *N. Jersey Media Grp. Inc.*, 312 F.R.D. at 115. Ultimately, however, district courts "have broad discretion" to sever any party or claim from an action. *Agnesini v. Doctor's Assocs., Inc.*, 275 F.R.D. 456, 458 (S.D.N.Y. 2011); *see also New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988). ("The decision whether to grant a severance motion is committed to the sound discretion of the trial court.").

## ANALYSIS

Defendants argue that severance is warranted because (i) Plaintiffs fail to meet the requirements of Rule 20, and (ii) the additional factors courts consider "also weigh strongly in favor of severance." (Def. Br. at 10-21).[2]

I.    The Requirements of Rule 20(a)

"Joinder under Rule 20[(a)] requires, in addition to a common question of law or fact, that the plaintiffs assert a right to relief" jointly, severally or "arising from the same transaction or occurrence[,or series of transactions or occurrences]." *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 520 (2d Cir. 2020) (cleaned up; quoting Fed. R. Civ. P. 20(a)). Courts, in determining whether allegations are part of the same "transaction or occurrence" or "series of transactions or occurrences," assess "the logical relationship between the claims and determine whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Wilson-Phillips*, 2018 WL 5981736, at *3. "[T]he overlap in questions of law or fact must be 'substantial' in order for joinder to be appropriate." *Id.* (quoting *In re Blech Secs. Litig.*, No. 94-CV-07696, 2003 WL 1610775, at *13 (S.D.N.Y. Mar. 26, 2003)).

Here, Plaintiffs do not "assert any right to relief" against Defendants "jointly[] [or] severally," and the IBM Plaintiffs' and Blanchard's allegations are not part of the same "transaction or occurrence," or "series of transactions or occurrences." Plaintiffs' action arises out of their respective terminations of employment in 2023. (Am. Compl. ¶¶ 55, 68, 79, 86-88, 94). At that time, IBM and Kyndryl were separate companies. (*Id.* ¶ 38). Plaintiffs do not allege any connection between the personnel decision making at IBM and Kyndryl. For instance, Plaintiffs

---

[2] Citations to specific pages of court filings on the docket correspond to the pagination generated by ECF.

do not allege any overlap between the board of directors or management of these two separate companies in 2023. Nor do Plaintiffs allege that IBM had any control over, or participated in any way with, Kyndryl's personnel decision making or vice versa. The termination of the IBM Plaintiffs and Blanchard were therefore separate, unconnected events. *See Clay v. Doe*, No. 20-CV-07692, 2020 WL 6151436, at *2 (S.D.N.Y. Oct. 20, 2020) (severing plaintiff's claims because "the allegations involve[d] different defendants and separate events occurring at different facilities").

Plaintiffs' arguments to the contrary are unpersuasive. The crux of Plaintiffs' theory for joinder is that the claims against the two defendants are "logically related" by a common "scheme" of firing older employees. (Pl. Br. at 11-15; *see also, e.g.*, Am. Compl. ¶¶ 4-12). But such allegations, without more, are insufficient to prevent severance. *See Jem Accessories, Inc. v. JVCKENWOOD USA Corp.*, No. 20-CV-04984, 2021 WL 706646, at *3 (S.D.N.Y. Feb. 22, 2021) ("The Second Circuit has held that even where multiple defendants use the same method to violate the law[, that fact] does not authorize them to be joined as defendants in a single lawsuit." (alteration in the original)); *Colonial Funding Network, Inc. v. McNider Marine, LLC*, No. 17-CV-02644, 2017 WL 5633160, at *4 (S.D.N.Y. Nov. 21, 2017) ("[C]onclusory allegations of conspiracy or joint action are insufficient to permit joinder under [] the general pleading standard of Rule 8[.]"). In particular, Plaintiffs fail to make allegations for the Court to plausibly infer that IBM and Kyndryl coordinated in any way. Plaintiffs' claims against IBM and Kyndryl are therefore not "logically connected"; a fact finder will have to, in analyzing Plaintiffs' claims, weigh the decisions made by different individuals at two, completely different companies. *See Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 264 (D. Conn. 2012) ("Where, as here, plaintiffs'

claims . . . arise from different circumstances and would require separate analyses, they are not logically related.").

Nor will a "question of law or fact common to all plaintiffs [] arise in the action." Fed. R. Civ. P. 20(a). Although there is no dispute that the claims against IBM and Kyndryl involve the ADEA, their claims, for the reasons provided *supra*, involve different facts. Courts in this Circuit, under such circumstances, have regularly granted motions to sever. *See N. Jersey Media Grp. Inc.*, 312 F.R.D. at 115 ("Courts have severed claims under similar circumstances, where the statutory basis of the claims are the same but the facts underlying those claims are different." (collecting cases)).[3]

Finally, Plaintiffs argue that severance, at this stage, is premature, and that they are entitled to discovery. (Pl. Br. at 9-10). The Court disagrees. Although the Court must accept the factual allegations in the Amended Complaint as true, "mere legal conclusions masquerading as facts need not be accepted as true." *Bruno v. Zimmer, Inc.*, No. 15-CV-06129, 2017 WL 8793242, at *6 (E.D.N.Y. Aug. 11, 2017), *adopted by*, 2018 WL 671234 (E.D.N.Y. Feb. 1, 2018). As explained *supra*, Plaintiffs fail to set forth a plausible basis upon which the Court could infer that the IBM Plaintiffs' and Blanchard's allegations arise out of the same "transaction, occurrence, or series of transactions or occurrences" or that questions of law or fact are common to all plaintiffs. *See Wilson-Phillips*, 2018 WL 5981736, at *5 (severing plaintiff's claim before the parties commenced discovery); *Clay*, 2020 WL 6151436, at *2 (same).

---

[3] Although the IBM Plaintiffs' claims involve different state laws from Blanchard's state-law claim against Kyndryl, Defendants do not argue that this different statutory basis is grounds for severance.

II.    <u>Additional Factors</u>

The additional factors courts consider on a Rule 21 motion also weigh in favor of severance. First, severance will serve judicial economy, and both actions will require different witnesses and evidence. "[T]he question in a severance . . . motion is whether separate trials will require *substantial* overlap of witnesses or documentary proof." *Deskovic*, 673 F. Supp. 2d at 171 (alternation and emphasis in the original). Because the decisions to terminate Blanchard and the IBM Plaintiffs were made by different individuals at different companies, there will not be substantial overlap in discovery and depositions. *See Bos. Post Rd. Med. Imaging, P.C. v. Allstate Ins. Co.*, No. 03-CV-03923, 2004 WL 1586429, at *2 (S.D.N.Y. July 15, 2004) (granting a motion to sever because a joint trial would require the jury to "parse evidence" regarding separate incidents).

Plaintiffs, in opposition, argue that "*some* of the documentary proof against Defendant Kyndryl is in the possession of Defendant IBM" and identifies two potential witnesses that may be relevant to the claims against both IBM and Kyndryl. (Pl. Br. at 16-17 (emphasis added)). Yet demonstrating "a certain overlap of evidence" is insufficient to prevent severance; courts ultimately ask whether there is a *substantial* overlap of evidence. *Cashman v. Montefiore Med. Ctr.*, 191 B.R. 558, 563 (S.D.N.Y. 1996); *see also N. Jersey Media Grp. Inc.*, 312 F.R.D. at 117 ("Here, there is indisputably some overlap between witnesses and the subjects they will testify to, but it is not substantial, and it does not warrant a [joinder].").

Second, IBM and Kyndryl would suffer prejudice absent severance given the factual differences against each defendant. Most problematic, "a joint trial by all the existing parties could lead to confusion of the jury because the claims against [IBM and Kyndryl] involve separate witnesses[] [and] different evidence." *Deskovic*, 673 F. Supp. 2d at 171 (cleaned up; collecting

cases). If Blanchard's and the IBM Plaintiffs' claims were tried together, "the Court will be required to repeatedly instruct the jury regarding the appropriate use of evidence as it relates to a particular plaintiff or each defendant." *Tardd v. Brookhaven Nat. Lab'y*, No. 04-CV-03262, 2007 WL 1423642, at *11 (E.D.N.Y. May 8, 2007); *see also Saleh v. Digital Realty Tr., Inc.*, No. 21-CV-09005, 2022 WL 3139733, at *8 (S.D.N.Y. Aug. 5, 2022) (granting a motion to sever, in part, because "[a]djudicating this case as a single lawsuit would result in one long, combined trial in which the Court must constantly caution the jury to not consider evidence that is irrelevant or inadmissible against a particular Defendant"). Plaintiffs, by contrast, fail to adequately articulate how they would suffer prejudice by severance. In fact, the only prejudice arising from severance that Plaintiffs can identify is the costs from obtaining discovery "through third-party subpoenas." (Pl. Br. at 19). But obtaining discovery through third-party subpoenas is an established feature of civil litigation. *See* 9A Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2451 (3d ed.); Fed. R. Civ. P. 45. The inconvenience Plaintiffs may experience from obtaining discovery from third-party subpoenas rather than party discovery does not outweigh the prejudice that Defendants will incur if this matter is not severed.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to sever is GRANTED.

Michael Nolan, Karla Bousquet, Jay Zeltzer, and Teresa Cook shall proceed as the only plaintiffs, and International Business Machines Corporation as the sole defendant, in case 24-CV-04653–PMH. Within 14 days of this Order, Plaintiffs Michael Nolan, Karla Bousquet, Jay Zeltzer, and Teresa Cook shall file a second amended complaint that eliminates any allegation now existing in the Amended Complaint (Doc. 25) that does not relate to their claims against Defendant

International Business Machines Corporation. Defendant International Business Machines Corporation shall respond to this second amended complaint within 14 days of its filing.

The Clerk of Court is respectfully directed:

    a.  to open a new civil case where Randall Blanchard is the only plaintiff and Kyndryl Holdings, Inc. is the only defendant;

    b.  to place a copy of the amended complaint in this case, filed on September 20, 2024 (Doc. 25), and Kyndryl Holdings, Inc.'s Answer, filed on October 25, 2024 (Doc. 30), in the newly opened case, which shall be used as the operative pleadings;

    c.  to update the docket sheet in the newly opened case to reflect the same attorney appearances on behalf of Randall Blanchard and Kyndryl Holdings, Inc.; and

    d.  to assign the new case to the undersigned, Judge Halpern, and Magistrate Judge Andrew E. Krause.

Within 14 days of the opening of that new civil case, Plaintiff Randall Blanchard shall file an amended complaint that eliminates any allegation now existing in the Amended Complaint (Doc. 25) that does not relate to his claims against Defendant Kyndryl Holdings, Inc. Plaintiff Randall Blanchard shall not be required to serve the complaint or amended complaint on Defendant Kyndryl Holdings, Inc. as the ECF filing will be sufficient for service. Defendant Kyndryl Holdings, Inc. shall respond to the amended complaint within 14 days of its filing.

**SO ORDERED.**

Dated:    White Plains, New York
           April 10, 2025

PHILIP M. HALPERN
United States District Judge